

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,876-01

### EX PARTE JAMES CHRISTOPHER PHILLIPS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 6880-A IN THE 39TH DISTRICT COURT FROM HASKELL COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of Engaging in Organized Criminal Activity and sentenced to nineteen years' imprisonment. Applicant, through habeas counsel, filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because trial counsel affirmatively misadvised him as to parole eligibility. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Moussazadeh*, 361 S.W.3d 684 (Tex. Crim. App. 2012). The trial court held an evidentiary hearing and recommends that this Court grant habeas relief. The habeas record forwarded to this Court does not indicate whether trial counsel knows of the habeas claims and was given an opportunity to

respond. This Court normally requires that trial counsel be given an opportunity to respond before this Court finds counsel to have provided ineffective assistance. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The trial court shall provide trial counsel an opportunity to respond to the allegations of ineffective assistance. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). The trial court shall make additional findings of fact and conclusions of law as to whether Applicant's plea was involuntary after considering counsel's response, if any. The trial court may make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: July 27, 2022
Do not publish